# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20172
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

AMON RWEYEMAMU MTAZA,

Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-130

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Amon Rweyemamu Mtaza pleaded guilty to one count of conspiracy to commit wire fraud under 18 U.S.C. § 1349, one count of wire fraud under 18 U.S.C. § 1343, and two counts of aggravated identity theft under 18 U.S.C. § 1028A. He received concurrent sentences of 63 months for the conspiracy and fraud counts, to be followed by concurrent two-year sentences for the identity theft charges. Mtaza also received an aggregate three-year term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20172

supervised release and was ordered to pay a $400 special assessment and restitution of $400,409.  On appeal, Mtaza asserts that his guilty plea was not knowing and voluntary.  Specifically, he maintains that although the district court advised him that his identity theft charges carried a maximum punishment of two years in prison, the court violated Federal Rule of Criminal Procedure 11(b)(1)(I) by failing to advise him that the two-year sentence was mandatory under § 1028A(a)(1) and thus the minimum sentence was also two years.  In addition, Mtaza contends that the district court failed to advise him that the sentences for identity theft were required to run consecutively to the underlying offenses.

Because Mtaza did not object in the district court, we review for plain error.  *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002).  Under this standard, Mtaza must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

At rearraignment, the district court advised Mtaza that the sentences for identity theft would be consecutive.  The court did, however, err by not advising Mtaza of the two-year minimum sentence.  Despite this, Mtaza has not shown that this error, or any confusion arising from the description of consecutive sentences, affected his substantial rights because he has not presented a reasonable probability that, but for any error, he would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. Alvarado-Casas*, 715 F.3d 945, 954-55 (5th Cir. 2013); *United States v. Cuevas-Andrade*, 232 F.3d 440, 444-45 (5th Cir. 2000) (per curiam). Consequently, the judgment of the district court is AFFIRMED.

2